FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-cv-03070-MKD <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT** <br><br> **ECF No. 21** |

Before the Court is Plaintiff's motion to alter judgment. ECF No. 25. Plaintiff requests the Court alter its Order granting Defendant's Motion for Summary Judgment. *See id.* For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 25.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER DENYING MOTION TO ALTER JUDGMENT - 1

# ANALYSIS

A district court may reconsider its disposition of a motion for summary judgment pursuant to Federal Rule of Civil Procedure 59(e). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 54.78[1] (3d ed. 2000)). A court may only alter or amend a previous ruling or judgment under Rule 59(e) if: (1) it "is presented with newly discovered evidence"; (2) it "committed clear error or made an initial decision that was manifestly unjust"; or (3) "there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

Plaintiff contends the Court's Order contains a clear error due to an "improper assessment of any forfeit of challenges of step-5 job numbers issues," and contends the result was manifestly unjust. ECF No. 21 at 2. This Court found Plaintiff forfeited his challenge to the sufficiency of the job numbers on appeal because Plaintiff did not challenge the job numbers at the hearing and did not raise the issue to the Appeals Council. ECF No. 19 at 15. Plaintiff contends the issue

ORDER DENYING MOTION TO ALTER JUDGMENT - 2

was not waived because counsel asked a single question at the hearing of the vocational expert: "And your numbers, where did you get those?" ECF No. 21 at 5. Plaintiff contends this question meets the standard set forth in *Shaibi*, as it raised the issue in a general sense and/or obliquely suggested the job numbers may be unreliable. *Id.* at 4-5; *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

Defendant notes this Court previously rejected a similar argument, when the Court found the issue was waived when a representative's only question regarding the job numbers was, "what the source of his job numbers were." ECF No. 22 at 2 (citing *Yadira G. v. Saul*, No. 4:20-cv-5093-EFS, *available at* 2020 WL 8340065, at *11 (E.D. Wash. Dec. 16, 2020). Plaintiff contends *Yadira* is distinguishable and cites to multiple cases from the District of Oregon in which the court found that the job numbers issue was not waived when counsel inquired as to the basis of the numbers. ECF Nos. 21, 23 (citing, *e.g.*, *Lisa Marie G. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 1026731, at *3 (D. Or. Apr. 3, 2022)).

The Court in *Shaibi* reasoned, "It is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers or inquiring as to whether those numbers are consistent with the CBP, OOH, or other source . . ." *Shaibi,* 883 F.3d at 1110. However, the Court continued its reasoning, and stated that Plaintiff's inquiry into the evidentiary basis for the numbers would then ordinarily allow

ORDER DENYING MOTION TO ALTER JUDGMENT - 3

Plaintiff's counsel to submit supplemental briefing or interrogatories contrasting the expert's job estimates with counsel's own, and if ALJ declined to allow the evidence, counsel could then raise the evidence to the Appeals Council. *Id.* Like the Plaintiffs in *Shaibi* and *Yadira,* Plaintiff here did not submit the evidence to the ALJ after the hearing nor to the Appeals Council that he now asks the Court to consider. As in *Meanel*, "[t]he ALJ, rather than this Court, was in the optimal position to resolve the conflict between [Plaintiff's] new evidence and the statistical evidence provided by the VE." *Shaibi*, 883 F.3d at 1109 (citing *Meanel v. Apfel,* 172 F.3d 1111 (9th Cir. 1999).

      Plaintiff contends the failure to submit the evidence to the ALJ and the Appeals Council is not fatal to his contention that the Court should now consider the newly submitted vocational evidence. ECF No. 23 at 4. However, Plaintiff cites to "permissive and passive language (addressed at the very end of the decision)" in *White* to support his contention. *Id.* (citing *White v. Kijakazi*, 44 F.4th 828 (9th Cir. 2022)). In *White*, the Court was considering whether the Appeals Council erred by failing to credit the significant and probative evidence the Plaintiff submitted to the Appeals Council. *White,* 44 F.4th at 837. The Appeals Council found Plaintiff had good cause for the late submission of the evidence. *Id.* The court in *White* relied on *Buck* in holding that remand was appropriate to address the evidence. *Id.* (citing *Buck v. Berryhill,* 869 F.3d 1040

ORDER DENYING MOTION TO ALTER JUDGMENT - 4

(9th Cir. 2017)). In *Buck,* the Plaintiff submitted the vocational evidence to the ALJ. *Id.* at 1052. Plaintiff also cites to *Lisa Marie G., Greg J.A.,* and *Monica H.* to support his contention, however, the Plaintiffs in all three of those cases submitted the vocational evidence to the Appeals Council. *Lisa Marie G.*, 2022 WL 1026731, at *3; *Greg J. A. v. Comm'r Soc. Sec. Admin.*, No. 6:20-CV-02114-AC, 2022 WL 819814, at *3 (D. Or. Mar. 18, 2022); *Monica H. v. Comm'r, Soc. Sec. Admin.,* No. 6:20-CV-01774-MC, 2022 WL 884727, at *2 (D. Or. Mar. 25, 2022). Unlike the Plaintiffs in *White, Buck*, *Lisa Marie G., Greg J.A., and Monica H.,* Plaintiff did not submit his vocational evidence to the ALJ nor the Appeals Council. Unlike *White*, there has been no finding that Plaintiff had good cause for failing to submit the evidence at the hearing level. Unlike the Plaintiffs in those cases, Plaintiff in the instant case did not preserve the issue for appeal.

Rather, like the Plaintiff in *Yadira G.,* Plaintiff asked a single question of the vocational expert at the hearing, did not submit any vocational evidence to the ALJ, and did not submit any vocational evidence to the Appeals Council. *See Yadira G.*, 2020 WL 8340065 at *11. As this Court held in *Yadira,* Plaintiff here has waived his argument that his own vocational evidence is contrary to the expert's testimony. *See id.* Plaintiff has failed to demonstrate this Court clearly erred.

ORDER DENYING MOTION TO ALTER JUDGMENT - 5

Further, Plaintiff has failed to demonstrate the decision was manifestly unjust. Defendant raised multiple arguments for the Court to reject Plaintiff's step five argument. *See* ECF No. 17 at 15-18. While Plaintiff contends he is functionally illiterate and the ALJ erred in failing to account for the limitation in the RFC, this Court found the ALJ did not err. ECF No. 19 at 14. As such, the ALJ found Plaintiff can perform three representative occupations that are consistent with the RFC, and the total number of jobs even using Plaintiff's numbers is 53,478, which is a sufficient number of jobs. *See* ECF No. 16-1; *see also Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528-29 (9th Cir. 2014). Therefore, even if the Court had considered Plaintiff's argument, the Court would have rejected the argument and come to the same conclusion, thus the decision was not manifestly unjust.

## CONCLUSION

Plaintiff has not provided an adequate basis to show the Court's ruling was based on any clear error in applying the law nor that the initial decision was manifestly unjust. Plaintiff presents no argument that there is newly discovered evidence nor that there is an intervening change in the controlling law. As such, his motion to alter the judgment is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Alter Judgment, **ECF No. 21**, is **DENIED**.

ORDER DENYING MOTION TO ALTER JUDGMENT - 6

The District Court Executive is directed to file this Order, provide copies to counsel. The file remains **CLOSED.**

DATED January 30, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO ALTER JUDGMENT - 7